### DADE COUNTY v. SWIRE, et al.
No. 67-1195.

Circuit Court, Dade County.

October 11, 1967.

Thomas C. Britton, County Attorney, John R. Farrell, Assistant County Attorney, for plaintiff.

Leon D. Black, Jr. of Kelly, Black & Black, Toby P. Brigham of Brigham, Smith & Forbes, and Dominic L. Koo, all of Miami, for defendants.

HAL P. DEKLE, Circuit Judge.

This matter came before the court on the petitioner's motion to require mutual exchange of all valuation data between the parties herein and seeking an order requiring and directing such mutual exchange at a time certain before the trial; and having heard argument of counsel and being otherwise fully apprised in the premises, it is ordered and adjudged that —

(1) Petitioner's motion is well taken in that the court finds that —

> the paramount issues to be tried in this case are the value of land and improvements, damages to the remainder, business damages and moving costs; that said valuation must be presented, resolved and determined largely through the testimony of expert witnesses; that mutual pre-trial exchange of all valuation data between the parties will accelerate and enhance settlement, will expedite evidentiary presentation at the trial, will minimize surprise at the trial and will promote the ultimate ends of justice. Shell v. State Road Department, 135 So.2d. 857 (Fla. 1962).

(2) The defendants as to parcel nos. 137, 161, 172, 173, 177, 179, 182, 185 and 186 shall, no later than noon, Monday, November 13, 1967, at the office of the Dade County Attorney, 1626 Dade County Courthouse, exchange in writing with the petitioner all valuation data concerning their respective parcels including but not limited to all tentative and final appraisal reports, photographs, surveys, sketches, estimates, bids, bills, receipts, comparable sales information and otherwise, which the defendants' appraisers relied upon to reach their opinion of value. Any defendant claiming moving costs and/or business damages shall also produce for examination and copying by the petitioner all bills, receipts, reports, books, records or other documents relied upon to support any such claim, provided, however, that said inspection of books, records or other documents relied upon to support business damage claims may, at the option of the defendant, be made at the defendant's place of business, within the time hereinabove specified.

94

(3) The failure of any party to exchange in writing all data ordered produced and exchanged hereunder shall be deemed a voluntary waiver and forfeiture of any fee or cost which might otherwise be taxed against the petitioner respecting any matter or item not so exchanged.

(4) This order is continuing in nature and comprehends and is directed to all changes, revisions, additions, deletions and substitutions as to all items set forth in paragraph (2) above.